UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NEW PENN FINANCIAL, LLC and FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>　　　　Plaintiffs<br><br>v.<br><br>RIVERWALK RANCH MASTER HOMEOWNERS ASSOCIATION and RICARDO FOJAS,<br><br>　　　　Defendants | Case No.: 2:17-cv-02167-APG-CWH<br><br>**Order (1) Denying Motion to Stay, (2) Denying Motion to Dismiss, (3) Granting Motion for Relief Under Rule 56(d), Denying Without Prejudice Motion for Summary Judgment, and (4) Granting Motion to Extend Time**<br><br>[ECF Nos. 21, 27, 28, 30] |

This case revolves around whether a deed of trust still encumbers property located at 5736 Hornbook Street, North Las Vegas, Nevada, following a non-judicial foreclosure sale conducted by a homeowners association (HOA). Plaintiff Federal Home Loan Mortgage Corporation (Freddie Mac) and its loan servicer, plaintiff New Penn Financial, LLC (New Penn), seek a declaration that the deed of trust continues to encumber the property. Hornbrook Family Trust purchased the property at the HOA foreclosure sale and subsequently transferred it to defendant Ricardo Fojas (Fojas).

The parties are familiar with the facts, so I will not repeat them here except where necessary. Freddie Mac moves for summary judgment, arguing that it owned the note and deed of trust at the time of the HOA foreclosure sale and that under the federal foreclosure bar in 12 U.S.C. § 4617(j)(3) the HOA foreclosure sale could not have extinguished its property interest. In response, Fojas moves to stay briefing on summary judgment until the Supreme Court of Nevada issues a ruling in another case pending before it. Alternatively, he opposes the motion, moves to dismiss, and seeks relief under Federal Rule of Civil Procedure 56(d).

I deny the motion to stay briefing because the relevant legal issues have already been resolved. I deny the motion to dismiss because laches and unclean hands are affirmative defenses that raise factual issues not suitable for resolution on a motion to dismiss and because Freddie Mac and New Penn have standing to assert the quiet title claims in the complaint. I grant the motion for Rule 56(d) relief because no discovery has been conducted and discovery may reveal information about whether and when Freddie Mac obtained an interest in the property. Consequently, I deny Freddie Mac and New Penn's motion for summary judgment without prejudice to renew after further discovery.

**A. Motion to Stay Briefing**

Fojas requests that briefing and decision of Freddie Mac's summary judgment motion be stayed pending a decision by the Supreme Court of Nevada in *Citimortgage, Inc. v. SFR Investments Pool 1, LLC*, No. 70237, because the case raises similar issues. I deny the request because the relevant legal issues have been decided in other cases, so I need not await a ruling from the Supreme Court of Nevada in the identified case.

**B. Standing**

Fojas moves to dismiss, arguing that Freddie Mac and New Penn lack standing because Freddie Mac has been placed in a conservatorship under the Federal Housing Finance Agency (FHFA), and so only FHFA has standing. He also argues Freddie Mac's claims should be barred by unclean hands and laches. Freddie Mac and New Penn respond that the Ninth Circuit has already ruled that Freddie Mac and its servicers have standing to raise the claims at issue here. They also argue that because the federal foreclosure bar acts automatically, they did not engage in inequitable conduct by not taking action to stop the HOA foreclosure sale before it took place.

Freddie Mac and its servicer have standing to assert the federal foreclosure bar. *Saticoy Bay, LLC, Series 2714 Snapdragon v. Flagstar Bank, FSB*, 699 F. App'x 658, 659 (9th Cir. 2017); *Fed. Nat'l Mortg. Assoc. v. Jong Beom Park*, No. 2:17-cv-01508-APG-PAL, 2018 WL 2074173, at *2 (D. Nev. May 3, 2018); *Nationstar Mortg., LLC v. SFR Investments Pool 1, LLC*, 396 P.3d 754, 758 (Nev. 2017) (en banc). I therefore deny the motion to dismiss on this basis.

The quiet title claim sounds in equity because it seeks to resolve competing claims to interests in property. *See Shadow Wood HOA v. N.Y. Cmty. Bancorp, Inc.*, 366 P.3d 1105, 1111 (Nev. 2016) (en banc). Thus, it may be subject to equitable defenses such as laches and unclean hands.

"Laches is an equitable time limitation on a party's right to bring suit, . . . resting on the maxim that one who seeks the help of a court of equity must not sleep on his rights." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002) (quotations and internal citation omitted). The "laches determination is made with reference to the limitations period for the analogous action at law. If the plaintiff filed suit within the analogous limitations period, the strong presumption is that laches is inapplicable." *Id.* Laches is an affirmative defense that "requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *In re Beaty*, 306 F.3d 914, 926 (9th Cir. 2002). (quotation omitted).

"The unclean hands doctrine generally bars a party from receiving equitable relief because of that party's own inequitable conduct." *Las Vegas Fetish & Fantasy Halloween Ball, Inc. v. Ahern Rentals, Inc.*, 182 P.3d 764, 766 (Nev. 2008) (quotation omitted). The inequitable conduct must be connected to the subject matter or transaction at issue in the litigation and "unconscientious, unjust, or marked by the want of good faith." *Id.* (quotation omitted). To

determine whether the unclean hands doctrine applies, I consider two factors: "(1) the egregiousness of the misconduct at issue, and (2) the seriousness of the harm caused by the misconduct." *Id.* at 767. The unclean hands doctrine will bar an equitable remedy "[o]nly when these factors weigh against granting the requested equitable relief." *Id.* I have "broad discretion in applying these factors," but my determination must be supported by "substantial evidence." *Id.*

I deny the motion to dismiss based on laches and unclean hands because those are affirmative defenses that require evidentiary proof. Thus, they generally are not suitable for resolution at the dismissal stage.

**C. Rule 56(d)**

Fojas asserts he has not had an opportunity to conduct discovery and he identifies as areas of inquiry whether Freddie Mac owned the note and deed of trust at the time of the HOA sale, who owns it or holds it now, who Freddie Mac acquired it from and for how much, whether the note has been bundled with other loans into a trust, and why Freddie Mac's ownership interest is not recorded.

Freddie Mac and New Penn respond that Fojas has not satisfied Rule 56(d)'s requirement that he identify the specific facts that discovery would reveal and why those would preclude summary judgment. They also assert they have presented sufficient admissible evidence that Freddie Mac owned the note and deed of trust at the time of the HOA sale, the other information Fojas identifies is irrelevant, and Meyer addresses most of these inquiries in his affidavit. Finally, they contend Fojas's mere doubt about Meyer's veracity is an insufficient basis to grant Rule 56(d) relief. In his reply, Fojas states that Freddie Mac and New Penn's allegations in the complaint contradict Meyers' declaration, so discovery is needed.

"Rule 56(d) offers relief to a litigant who, faced with a summary judgment motion, shows the court by affidavit or declaration that 'it cannot present facts essential to justify its opposition.'" *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 899 (9th Cir. 2012) (quoting Rule 56(d)). A party seeking Rule 56(d) relief bears the burden showing that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). "Where, however, a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule [56(d)] motion fairly freely." *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003).

When confronted with a Rule 56(d) motion, I may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Whether to grant relief under this rule lies within my discretion. *Burlington N. Santa Fe R. Co.*, 323 F.3d at 773.

I grant Fojas's motion because although it is not improper for Freddie Mac and New Penn to file an early summary judgment motion, Fojas has not had a realistic opportunity to pursue discovery. The summary judgment motion was filed before the parties held the Rule 26(f) conference and discovery was stayed shortly thereafter. ECF Nos. 20, 25. Fojas thus has not had an opportunity to take discovery. As a result, he "cannot be expected to frame [his] motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid." *Burlington N. Santa Fe R. Co.*, 323 F.3d at 774. And as a pro se party, Fojas is at a greater disadvantage regarding his ability to frame his

arguments and identify specific facts he believes exist. However, he has identified areas of inquiry that may be fruitful, including documentation (or lack thereof) of the alleged transfer from Bank of America to Freddie Mac.[1] Additionally, he has raised affirmative defenses that require factual development. I therefore grant the motion for 56(d) relief and deny without prejudice the motion for summary judgment.

### D. Conclusion

IT IS THEREFORE ORDERED that defendant Ricardo Fojas's motion to stay briefing **(ECF No. 27)** and motion to dismiss **(ECF No. 30) are DENIED**.

IT IS FURTHER ORDERED that defendant Ricardo Fojas's motion to extend time **(ECF No. 28) is DENIED AS MOOT**.

IT IS FURTHER ORDERED that defendant Ricardo Fojas's request for relief under Rule 56(d) is **GRANTED**.

IT IS FURTHER ORDERED that plaintiffs Federal Home Loan Mortgage Corporation and New Penn Financial, LLC's motion for summary judgment **(ECF No. 21) is DENIED without prejudice**.

DATED this 29th day of October, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] Freddie Mac and New Penn's evidence is sufficient to meet their initial burden on summary judgment to prove ownership. *See Berezovsky v. Moniz*, 869 F.3d 923, 932 (9th Cir. 2017). But that does not mean it is irrebuttable proof. The defendant in *Berezovsky* was unable to point to evidence in that case raising a genuine dispute. *Id.* at 933. That does not mean Fojas will be unable to do so in this case.