# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NEW PENN FINANCIAL, LLC and FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>Plaintiffs<br><br>v.<br><br>RIVERWALK RANCH MASTER HOMEOWNERS ASSOCIATION and RICARDO FOJAS,<br><br>Defendants | Case No.: 2:17-cv-02167-APG-DJA<br><br>**Order (1) Granting Plaintiffs' Motion for Summary Judgment and (2) Denying Defendant's Motion for Summary Judgment**<br><br>[ECF Nos. 46, 48] |

This case revolves around whether a deed of trust still encumbers property located at 5736 Hornbook Street, North Las Vegas, Nevada, following a non-judicial foreclosure sale conducted by a homeowners association (HOA). Plaintiff Federal Home Loan Mortgage Corporation (Freddie Mac) and its loan servicer, plaintiff New Penn Financial, LLC (New Penn), seek a declaration that the deed of trust continues to encumber the property. Hornbrook Family Trust purchased the property at the HOA foreclosure sale and subsequently transferred it to defendant Ricardo Fojas (Fojas).

Freddie Mac and New Penn move for summary judgment, arguing that Freddie Mac owned the note and deed of trust at the time of the HOA foreclosure sale and that, under the federal foreclosure bar in 12 U.S.C. § 4617(j)(3), the HOA foreclosure sale could not have extinguished that property interest. Alternatively, Freddie Mac and New Penn argue that a prior servicer, Bank of America, N.A., tendered the superpriority amount to the HOA, thus extinguishing the superpriority lien. Fojas opposes and moves for summary judgment, arguing there is insufficient evidence that Freddie Mac owned the note and deed of trust. He also

contends the tender issue is newly raised and thus he should be allowed to conduct further discovery under Federal Rule of Civil Procedure 56(d). He asserts there is no evidence that the HOA agreed to accept the tender or that tender was in the correct amount. He also argues he is a bona fide purchaser who had no knowledge of the alleged tender. Finally, he contends the plaintiffs' remedies are against the HOA for damages.

The parties are familiar with the facts, so I will not repeat them here except where necessary. I grant the plaintiffs' motion for summary judgment and deny Fojas's motion because no genuine dispute remains that Bank of America tendered the superpriority amount and thus extinguished the superpriority lien prior to the HOA foreclosure sale. I deny Fojas's request for relief under Rule 56(d) because the tender allegations were in the complaint and Fojas had ample opportunity to conduct discovery on that issue. Additionally, he does not identify what facts he would uncover that would change this result if given the chance to conduct further discovery.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531

(9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**A. Tender**

Under Nevada law, a "first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). To be valid, tender must be for "payment in full" and must be either "unconditional, or with conditions on which the tendering party has a right to insist." *Id.* at 118.

There is no genuine dispute that Bank of America paid the superpriority amount in full. The monthly homeowners association (HOA) assessment was $25.00 per month. ECF No. 46-9 at 12. Prior to the HOA foreclosure sale, Bank of America tendered $225 to cover the superpriority amount.[1] *Id.* at 21-23. Fojas argues there is no evidence that tender was in the correct amount, but the plaintiffs have presented a ledger that the HOA's foreclosure agent sent to Bank of America. ECF No. 46-9 at 10-13. Fojas presents no evidence to the contrary. He also contends there is no evidence that the HOA agreed to accept the tender, but a proper tender of the superpriority amount satisfies the superpriority lien even if the HOA rejects the payment. *Bank of Am., N.A.*, 427 P.3d at 118. Additionally, the plaintiffs need not resort to a damages claim against the HOA because when the superpriority lien is extinguished through tender, the property remains subject to the deed of trust. *Id.* at 121.

---

[1] There is no evidence of nuisance abatement or maintenance fees.

3

Fojas argues that he is a bona fide purchaser. But a valid tender discharges the superpriority lien "by operation of law." *Id.* at 120. Fojas's status as a bona fide purchaser is irrelevant because the tender rendered the HOA sale void as to the superpriority lien. *Id.* at 121.

In sum, the valid tender cured the default as to the superpriority portion of the HOA's lien, so the HOA's foreclosure on the entire lien resulted in a void sale as to the superpriority portion. The property remains subject to the deed of trust.

**B. Rule 56(d)**

Fojas asserts that the tender issue is new and he has not had an opportunity to conduct discovery on that issue. "Rule 56(d) offers relief to a litigant who, faced with a summary judgment motion, shows the court by affidavit or declaration that 'it cannot present facts essential to justify its opposition.'" *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 899 (9th Cir. 2012) (quoting Rule 56(d)). A party seeking Rule 56(d) relief must show that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). "Where, however, a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule [56(d)] motion fairly freely." *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003).

When confronted with a Rule 56(d) motion, I may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Whether to grant relief under this rule lies within my discretion. *Burlington N. Santa Fe R. Co.*, 323 F.3d at 773.

I deny Fojas's request for Rule 56(d) relief because the issue is not new and he has not shown a basis to grant relief. The complaint contains allegations regarding tender and attaches as exhibits the HOA foreclosure agent's ledger and Bank of America's tender check. ECF Nos. 1 at 8-9; 1-2. Further, Fojas has not set forth in affidavit form the specific facts he hopes to elicit from further discovery, that the facts sought exist, or that the sought-after facts are essential to oppose summary judgment.

### C. Remaining Claims

The plaintiffs assert their claims for breach of Nevada Revised Statutes § 116.1113 and wrongful foreclosure against Riverwalk Ranch Master Homeowner's Association as alternative means of relief in the event their deed of trust was extinguished.[2] The deed of trust was not extinguished, so those claims are now moot.

No party moved for summary judgment on Fojas's cross-claims against Riverwalk. Those claims remain pending.

## II. CONCLUSION

I THEREFORE ORDER that defendant Ricardo Fojas's motion for summary judgment **(ECF No. 48) is DENIED**.

I FURTHER ORDER that plaintiffs Federal Home Loan Mortgage Corporation and New Penn Financial, LLC's motion for summary judgment **(ECF No. 46) is GRANTED**. It is declared that the homeowners association's non-judicial foreclosure sale conducted on February 19, 2014 did not extinguish the deed of trust, and the property located at 5736 Hornbrook Street in North Las Vegas is subject to the deed of trust.

---

[2] ECF No. 1 at 16 (alleging that "[i]f it is determined the HOA Foreclosure Sale extinguished the Deed of Trust . . ."); *id.* at 17 (same).

5

I FURTHER ORDER that plaintiffs Federal Home Loan Mortgage Corporation and New Penn Financial, LLC's claims for breach of Nevada Revised Statutes § 116.1113 and wrongful foreclosure against defendant Riverwalk Ranch Master Homeowner's Association are DISMISSED as moot.

I FURTHER ORDER the remaining parties to submit their proposed Joint Pretrial Order by December 13, 2019.

DATED this 13th day of November, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE